UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FINANCIAL FEDERAL CREDIT, INC. | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIV NO. 07-cv-3503 |
| v. | § | |
| | § | |
| CURT BEAN also known as OLEN CURT | § | |
| BEAN, OLEN C. BEAN and C. BEAN, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiff's Motion for Summary Judgment. (Doc. No. 18.) For the following reasons, Plaintiff's Motion must be granted.

## I.      BACKGROUND

Between January 2005 and January 2007, Plaintiff Financial Federal Credit, Inc. ("FFCI") provided financing to Bean Lumber Co., Curt Bean Lumber Company, Inc. and/or C. Bean Transport, Inc. ("Transport") (collectively "Bean Companies") for equipment and working capital. (Doc. No. 1, Pl. Compl. ¶ 5.) The indebtedness was evidenced by six promissory notes, and secured by security agreements covering all assets of the Bean Companies. (Pl. Compl. ¶¶ 6, 9, 12, 15, 18, 21.) Defendant Curt Bean (a/k/a Olen Curt Bean, Olen C. Bean, and C. Bean) executed and delivered personal guarantys as to all the indebtedness. After default by the obligors, FFCI accelerated the notes. (Pl. Compl. ¶¶ 32-43.)

The guarantys provide that Defendant will be directly and unconditionally liable to FFCI. Specifically, Defendant

agrees to be directly and unconditionally liable to FFCI (without reduction by reason of any claim, defense, setoff, counterclaim or recoupment of Subject or Guarantor) for the due payment and performance of all Obligations, and any and all *future renewals, modifications, amendments, extensions, increases and/or supplements thereof*, whether previously, contemporaneously or subsequently created or incurred, and for the due payment and performance of any and all indebtedness and/or obligations of Subject of whatever kind or character, whether direct or indirect, whether contingent or absolute, whether matured or unmatured and whether nor or in the future arising, existing, incurred, contracted or owing to FFCI or acquired by FFCI by one or more assignments, transfers, or otherwise.

(Transport Guaranty, Doc. No. 15, Ex. N; Pl. Compl. ¶¶ 26, 28, 30.) (emphasis added)

Under the Transport guaranty, Defendant waived his right to "any and all notices to which Guarantor may be entitled, including without limitation, … any and all demands for payment, notices of non-payment, notices of intent to accelerate and of acceleration … to Guarantor." (Doc. No. 15, N, at ¶ h.) Most critically, he "waive[d] any and all notice of and consents to any and all arrangements and agreements for payment extension, composition, arrangement, subordination, release or discharge of all or any part of the Obligations … and Guarantor agrees that FFCI's doing any or all of the foregoing shall not in any way diminish or impair Guarantor's liability to FFCI hereunder." (Doc. No. 15, Ex. N, at ¶ J.)

FFCI sued each of the Bean companies in the Western District of Arkansas. *Financial Federal Credit, Inc. v. C. Bean Transport, Inc., et al.*, 06:07-cv-6079-JLH (W.D. Ark. 2008). On November 14, 2007, the Bean companies entered into a Forbearance Agreement with FFCI and, pursuant to that Agreement, the FFCI and the Bean companies executed a consent judgment for more than $5 million plus interest. (Doc. No. 18, Ex. A.) In June 2008, FFCI, the Bean companies, and two other individuals

executed a modification and supplementation to the Forbearance Agreement ("First Modification"). FFCI allegedly agreed to forestall entry of a second consent judgment in the Arkansas case, to permit, inter alia, Transport to pay, over time, the balance indicated in the amended consent judgment. (Doc. No. 18, Ex. D, 2; Grady Bean Decl., Doc. No. 18-2, ¶ 12.) Subsequently, Bean Lumber Co. and Curt Bean Lumber Company, Inc. remitted funds in partial satisfaction of the proposed Arkansas consent judgment, and FFCI conditionally released them. Those two companies were also dismissed with prejudice from the Arkansas case in June 2008. (W.D. Arkansas, 06:07-cv-6079-JLH, Doc. No. 16.)

Only Transport remained liable under the new proposed consent judgment, in the amount of $2,511,345.13 plus interest. (Doc. No. 18, Ex. E.) The Arkansas case was closed after Transport was dismissed without prejudice on August 7, 2008. Subsequently, Transport remitted additional funds in partial satisfaction of the new proposed consent judgment. FFCI claims that it is owed $1,826,572.03 plus interest and attorneys' fees. Under the First Modification, Transport promised to pay off the remaining debt in thirty consecutive monthly installments of $68,000, starting June 15, 2008. (Doc. No. 18, Ex. D, ¶ 3(b).) The $735,000 due as a condition precedent to the First Modification was paid and accepted. (Doc. No. 18-2, Bean Decl. ¶ 14.)

FFCI claims that none of the agreements or consent judgments discharged or impaired the liability of Defendant to FFCI under each guaranty. On October 23, 2007, FFCI filed the instant suit. Given the earlier payments, FFCI now prays for a judgment of $1,826,572.03, in satisfaction of Transport's debt as of June 5, 2008, plus attorneys' fees,

3

with pre-judgment interest at 18 percent ($913.29 per day), and costs, including attorneys' fees, of $17,489.70.

## II. SUMMARY JUDGMENT

A motion for summary judgment under Federal Rule of Civil Procedure 56 requires the Court to determine whether the moving party is entitled to judgment as a matter of law based on the evidence thus far presented. FED. R. CIV. P. 56(c). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Kee v. City of Rowlett*, 247 F.3d 206, 210 (5th Cir. 2001) (quotations omitted). A genuine issue of material fact exists if a reasonable jury could enter a verdict for the non-moving party. *Crawford v. Formosa Plastics Corp.*, 234 F.3d 899, 902 (5th Cir. 2000). The Court views all evidence in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Id.* Hearsay, conclusory allegations, unsubstantiated assertions, and unsupported speculation are not competent summary judgment evidence. F.R.C.P. 56(e)(1); *See, e.g., Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996), *McIntosh v. Partridge*, 540 F.3d 315, 322 (5th Cir. 2008); *see also Little v. Liquid Air Corp.*, 37 F.3d 1069, 1975 (5th Cir. 1994) (noting that a non-movant's burden is "not satisfied with 'some metaphysical doubt as to the material facts.'" (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). Where a contract is ambiguous and extrinsic evidence must be used to construe the meaning, summary judgment is improper because the interpretation of the instrument becomes a fact issue. *Harris v. Rowe*, 593 S.W.2d 303, 306 (Tex. 1980).

4

### III. THE STATUS OF THE DEBT

FFCI argues that the initial and revised consent judgments did not "rework" the underlying debt, and it argues that the Arkansas lawsuit constituted an acceleration of all obligations and indebtedness owed by the Bean companies to FFCI. It further contends that the First Modification and revised consent judgment memorialized the accelerated obligations and indebtedness owed by the Bean companies to FFCI. FFCI further argues that, under the guarantys, FFCI could modify the obligations of the Bean companies, including releasing them in partial or complete satisfaction without releasing or impairing the conditional obligations and indebtedness owed to FFCI by Defendant under the guarantys. FFCI argues that Defendant waived notice of any default by the Bean companies as well as notice of any entitlement to acceleration or modification of the obligations and indebtedness owed under the notes. FFCI argues that Defendant acknowledged that he would remain liable to FFCI until all obligations and indebtedness owed to FFCI under the Notes and the Security Agreements were fully and indefeasibly paid and performed even if they could not be enforced against the Bean companies.

Defendant responds that, because the debt is not due and owing by Transport, Defendant does not owe anything as a guarantor. Defendant argues that it is not liable under the terms of the guaranty because FFCI has not declared a default of the First Modification, because Transport has received no notice of default, and FFCI has not reinstated its claims against Transport. In the alternative, Defendant argues that there is a material fact issue regarding whether the debt is due and owing. He asserts that all of Transport's payments are current and FFCI has sent no notice of default, no amount has

5

been accelerated, and Defendant cannot be obligated to pay under the terms of the guaranty.

A guaranty of payment is an obligation to pay the debt when due if the debtor does not. *Cox v. Lerman*, 949 S.W.2d 527, 530 (Tex. App.—Houston [14th Dist.] 1997, no writ); *Ford v. Darwin*, 767 S.W.2d 851, 854 (Tex. App.—Dallas 1989, writ denied). An unconditional guaranty for payment becomes a primary obligation upon default. *Ferguson v. McCarrell*, 588 S.W.2d 895 (Tex. 1979). A guarantor's liability on a debt is measured by the principal's liability unless the guaranty expressly sets out a more limited or more extensive liability.[1] *Fieldtech Avionics & Instruments, Inc. v. Component Control.Com, Inc.*, 262 S.W.3d 813, 834 (Tex. App.—Fort Worth 2008, no pet.) *Pham v. Mongiello*, 58 S.W.3d 284, 288 (Tex. App.—Austin 2001, pet. denied); *Moore v. White Motor Credit Corp.*, 708 S.W.2d 465, 472 (Tex. App.—Dallas 1985, writ ref'd n.r.e.), *overruled on other grounds by Carpet Services v. George A. Fuller Co. of Texas, Inc.*, 802 S.W.2d 343 (Tex. App.—Dallas 1990, writ. granted); *Technical Consultant Services, Inc. v. Lakewood Pipe of Texas, Inc.*, 861 F.2d 1357, 1363 (5th Cir. 1988). A guaranty requires no condition precedent other than default by the principal debtor. *Cox v. Lerman*, 949 S.W.2d at 530. Where the guaranty indicates that it covers extensions or modifications of the debt, the guarantor is liable for that subsequent debt as well. *See*

---

[1] Texas recognizes affirmative defenses to a guarantor's liability on the underlying debt. If the creditor and principal debtor vary in any material degree from the terms of their contract, a new contract has been formed, and the guarantor is not bound by it. *McKnight v. Virginia Mirror Co., Inc.*, 463 S.W.2d 428, 430 (Tex. 1971); *FDIC v. Attayi*, 745 S.W.2d 939, 944 (Tex. App.—Houston [1st Dist.] 1988, no writ) (explaining the three elements of a material alteration: (1) material alteration of the underlying contract, (2) made without guarantor's consent, (3) to his detriment). Alternatively, a party may waive its claims based on the guaranty if he has an existing right, of which he has knowledge, and he has an actual intent to relinquish the right. *Massachusetts Bonding and Ins. Co. v. Orkin Exterminating Co.*, 416 S.W.2d 396, 401 (Tex. 1967); *Estes v. Wilson*, 682 S.W.2d 711, 714 (Tex. App.—Fort Worth 1984, writ ref'd n.r.e.); *Attayi*, 745 S.W.2d at 946. Neither of these defenses is available here.

*Chambers v. NCNB Texas Nat. Bank*, 841 S.W.2d 132, 134 (Tex. App.—Houston [14 Dist.] 1992, no writ). To recover for a debt due and owing under a promissory note, a party must establish that it is the legal holder of an existing note, the debtor's execution of the note, and that an outstanding balance is due and owing. *See, e.g., Austin v. Countrywide Homes Loans*, 261 S.W.3d 68, 72 (Tex. App.—Houston [1 Dist.] 2008, no pet.); *In re Marriage of Eilers*, 205 S.W.3d 637, 644 (Tex. App.—Waco 2006, no pet.).

A guarantor may insist on the terms and conditions of the guaranty being strictly followed. *Vastine v. Bank of Dallas*, 808 S.W.2d 463, 464 (Tex. 1991); *FDIC v. Attayi*, 745 S.W.2d 939, 943 (Tex. App.—Houston [1st Dist.] 1988, no writ). Furthermore, a guarantor's obligations may not be extended by construction or implication. *Coker v. Coker*, 650 S.W.2d 391, 394 n.1 (Tex. 1983). The rights of the guarantor are evaluated by a factual determination of the rights and obligations of the parties to the underlying contract. *Republic Nat'l Bank v. Northwest Nat'l Bank*, 578 S.W.2d 109, 114 (Tex. 1978); *Pham v. Mongiello*, 58 S.W.3d 284, 288 (Tex. App.—Austin 2001, pet. denied).

Here, in the First Modification, the Bean companies acknowledged that they were in default under the Forbearance Agreement, and Defendant does not controvert the allegations that the obligors defaulted on the underlying promissory notes. Defendant is not a party to the First Modification. Under the terms of the guarantys, Defendant remains liable even if the underlying debt was modified, amended, or extended. Contrary to the contention of Defendant, the First Modification does not appear to be a material alteration of the debt such that the guarantor is no longer liable. The Bean companies defaulted on the underlying notes and, therefore, Defendant, as guarantor, is liable for the outstanding debt.

IV.    CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Summary Judgment, (Doc. No.

15), is **GRANTED**.

**IT IS SO ORDERED**.

**SIGNED** this _12_ day of January, 2009.



KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

8